UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA ELECTRICAL WORKERS PENSION TRUST FUND, IBEW, TRUSTEES OF THE IBEW LOCAL UNION 481 DEFINED CONTRIBUTION PLAN AND TRUST, TRUSTEES OF THE IBEW LOCAL NO. 481 SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN, TRUSTEES OF THE ELECTRICAL WORKERS BENEFIT TRUST FUND, TRUSTEES OF THE INDIANAPOLIS ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SUMMIT ELECTRICAL COMPANY LLC Clerk's Entry Of Default Entered on 10/07/24, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:24-cv-01384-SEB-TAB |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

On October 7, 2024, the Clerk entered a default against Defendant Summit Electrical Company, LLC ("Summit"). Now pending before the Court is Plaintiffs' Motion for Default Judgment, pursuant to Federal Rule of Civil Procedure 55(b), seeking damages for unpaid employer contributions, liquidated damages, interest, attorney's fees, and costs. Dkt. 10. For the reasons stated below, Plaintiffs' motion is **GRANTED**.

1

## BACKGROUND

Plaintiffs are fiduciaries of five separate trust funds created pursuant to § 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and organized under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(1), 1002(37), 1301(a)(3). Plaintiffs include Trustees of the Indiana Electrical Workers Pension Trust Fund IBEW (the "Pension Fund"), Trustees of the IBEW Local Union 481 Defined Contributions Plan and Trust (the "Defined Contribution Fund"), Trustees of IBEW Local No. 481 Supplemental Unemployment Benefit Plan (the "SUB Fund"), Trustees of the Electrical Workers Benefit Trust Fund (the "Welfare Fund"),[1] and Trustees of the Indianapolis Electrical Joint Apprenticeship and Training Trust Fund ("JATC") (collectively, the "Funds"). Each Fund is administered through Trust Agreements.

Summit is an Indiana limited liability company and, at all relevant times, has been a signatory employer to a collective bargaining agreement (the "CBA"), dkt. 1-1, requiring Summit to abide by the terms of the Trust Agreements governing the Pension Fund, dkt. 1-3, the Defined Contribution Fund, dkt. 1-4, the SUB Fund, dkt. 1-5, the Benefit Fund, dkt. 1-6, and the JATC, dkt. 1-7. In accordance with the CBA and Trust Agreements, Summit agreed to make monthly contributions to the Funds on behalf of each covered employee. All monthly reports and contributions are due on or before the 15th day of the month following the month in which work was performed.

---

[1] Plaintiffs also refer to the Trustees of the Electrical Workers Benefit Trust Fund as the "Benefit Fund." Dkt. 11 at 2. For clarity, we refer to this fund only as the Welfare Fund.

Untimely submissions, so-called "delinquent contributions," expose Summit to certain prescribed penalties: to wit, the imposition of a monthly one percent interest rate and liquidated damages of up to ten percent of the contributions. Furthermore, legal proceedings are initiated against Summit in order to collect delinquent contributions, the terms of the agreements between the parties as well as the ERISA entitle Plaintiffs to an award of attorney's fees and costs. *See* 29 U.S.C. § 1332(g)(2)(B)–(C).

On August 13, 2024, Plaintiffs filed this lawsuit against Summit to recover delinquent contributions for the work months of April 2024 through July 2024; outstanding liquidated damages for the work months of March 2024 through July 2024; and related interest and attorney's fees and costs. Dkt. 1. On October 7, 2024, the Clerk entered Default based on Summit's failure to prosecute or otherwise appears in these proceedings. Dkt. 9. On October 11, 2024, Plaintiffs moved for default judgment, requesting an award of $57,543.44 for unpaid contributions, liquidated damages, interest, attorney's fees, and costs. Dkt. 10, 11.

## DISCUSSION

Federal Rule of Civil Procedure 55 outlines the two stages of a default proceeding: "the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2016). The "effect of an entry of default (step one) is that 'upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.' " *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)) (internal alterations omitted). Entry of default judgment (step two) establishes,

as a matter of law, that the defendant is liable to the plaintiffs on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). By contrast, plaintiffs' allegations of damages alone are "not deemed true"; rather, "[t]he district court must . . . conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (internal citations omitted). Such an inquiry may be accomplished without a hearing, if "the amount is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

Here, default was entered against Summit; thus, the allegations in the complaint are accepted as true for purposes of establishing Summit's liability. Fed. R. Civ. P. 55(b). Plaintiffs seek unpaid contributions, liquidated damages, interest, and attorney's fees and costs, which can be calculated from the documentary evidence submitted by Plaintiffs, thereby eliminating the need for a hearing. *e360 Insight*, 500 F.3d at 602.

Under the ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Plan fiduciaries, like Plaintiffs here, are entitled to redress ERISA violations. *Id.* § 1132; *see also id.* § 185(a) (labor organizations may sue to enforce provisions of collective bargaining agreements).

In delinquent contribution cases, the ERISA directs courts to award damages for the following items: unpaid contributions; interest on the unpaid contributions; liquidated damages, as provided for under the plan (so long as such amount does not exceed twenty

4

percent of the unpaid contributions); reasonable attorney's fees and costs; and other legal or equitable relief as deemed appropriate. *Id*. § 1132(g)(2).

### I. UNPAID CONTRIBUTIONS, LIQUIDATED DAMAGES & INTEREST

Plaintiffs request $53,956.44 for the unpaid contributions (and corresponding penalties) to all five Funds. In addition to $1,461.56 in accrued interest, the amounts claimed as owed are as follows:

- Pension Fund
    - Unpaid Contributions: $12,082.20
    - Liquidated Damages: $1,959.35
- Defined Contribution Fund
    - Unpaid Contributions: $4,856.67
    - Liquidated Damages: $782.46
- SUB Fund
    - Unpaid Contributions: $1,124.86
    - Liquidated Damages: $179.57
- Welfare Fund
    - Unpaid Contributions: $25,916.10
    - Liquidated Damages: $3,537.29
- JATC
    - Unpaid Contributions: $2,056.38

Dkt. 11 at 5–6.

As support, Plaintiffs rely on the declaration of Plan Administrator David Ray ("Mr. Ray"), dkt. 11-1, who oversees the contribution collection for the Pension Fund, the Defined Contribution Fund, the SUB Fund, and the Welfare Fund, as well as the declaration of Andre Grocox ("Mr. Grocox"), dkt. 11-2, the JATC's Training Director. Messrs. Ray's and Grocox's respective (uncontested) declarations sufficiently support Plaintiffs' request for unpaid contributions, liquidated damages, and interest.

## II. ATTORNEY'S FEES & COSTS

Pursuant to 29 U.S.C § 1132(g)(2)(D), district courts shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." In awarding reasonable attorney's fees, the Court must "consider[ ] the proportionality of attorneys' fees to the total damage award" and explain the hourly rate used. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs have requested $3,743.50 in attorney's fees for the work of two attorneys and one paralegal with Ledbetter Parisi, LLC ("Ledbetter Parisi"), a Cincinnati law firm, engaged by Plaintiffs to handle this litigation.[2] The requested attorney's fees reflect legal services from May 2024, when Plaintiffs engaged attorneys at the firm to assist their efforts to recover delinquent contributions from Summit, through October 2024. Plaintiffs' counsel billed 17.7 hours, as detailed in an itemized time log, dkt. 11-3 at 4, at the following hourly rates: (up to) $255.00 for partners; $235.00 for associates; and $125.00 for paralegals—which rates are commensurate to rates charged by other firms for this type of work. *Trs. Int'l Painters & Allied Trades Loc. No. 47 Health & Welfare Plan v. Mid-States Painting Co., Inc.*, No. 1:20-cv-01560-JPH-DLP, 2021 WL 5235113, at *2 (S.D. Ind. Nov. 8, 2021) (approving attorney rates between $200.00 and $230.00 per hour and a paralegal rate of $95.00 per hour). Additionally, Plaintiffs request payment of $405.00 for the filing fee.

---

[2] In Plaintiffs' Motion for Default Judgment, they state the sum total of their attorney's fees as both $3,743.50 and $3,182.00. Dkt. 11 at 7. Because the documentation that Plaintiffs submitted enumerates attorney's fees up to $3,743.50, we award that amount and have adjusted the final calculation accordingly.

Having carefully reviewed Plaintiffs' counsel's affidavit and detailed time entries, dkt. 11-3, the Court concludes that attorney's fees in the amount of $3,743.50 are reasonable and proportional to the total award of damages and to the work that was expended to recover delinquent contributions from Summit. The 17.7 hours billed reflect counsel's efforts to draft demand letters to Summit concerning its delinquent payments, to prepare the Complaint, and to pursue default judgment—all appropriate and reasonable litigation steps. Additionally, we hold that Plaintiffs are entitled to $405.00 as reimbursement of costs.

## CONCLUSION

The Court awards the sum of $58,104.94, covering the unpaid contributions, liquidated damages, interest, and attorney's fees and costs, as itemized in Plaintiffs' submissions. *See* dkt. 11. For the reasons explicated above, the Court hereby **GRANTS** Plaintiffs' Motion for Default Judgment against Defendant. Dkt. 10. The Clerk is directed to enter a default judgment in the total amount of $58,104.94 in Plaintiffs' favor and against Defendant Summit. Plaintiffs are also awarded post-judgment interest at the statutory rate along with any additional attorney's fees and costs incurred in collecting the judgment amount.

Final judgment shall issue by separate entry.

IT IS SO ORDERED.

Date: 4/2/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas Reed Kendall
Ledbetter Partners LLC
tkendall@fringebenefitlaw.com

Sawyer Christian Lehman
Ledbetter Partners LLC
slehman@fringebenefitlaw.com